UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JODIE L. LANDIS,

        Plaintiff,                        Nos.   12-cv-11996

vs.                                                         Hon. Gerald E. Rosen

FANNIE MAE a/k/a FEDERAL NATIONAL
MORTGAGE ASSOCIATION,

        Defendant,
_____/

MEMORANDUM OPINION AND ORDER
<u>GRANTING DEFENDANT'S MOTION TO DISMISS</u>

        At a session of said Court, held in
        the U.S. Courthouse, Detroit, Michigan
        on March 28, 2013

        PRESENT:   Honorable Gerald E. Rosen
                             United States District Chief Judge

On January 13, 2006, Plaintiff Jodie L. Landis borrowed $80,000.00 from Quicken Loans, Inc., and as security for the note, granted a mortgage on her home located in Redford, Michigan in the amount of $80,000.00 to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for the lender and the lender's successors and assigns.  The mortgage was subsequently assigned to OneWest Bank, FSB who was servicing it.

        Plaintiff became delinquent on the mortgage.  As a result, OneWest Bank, FSB commenced foreclosure proceedings by advertisement, and at a sheriff's sale conducted

on November 9, 2011, OneWest Bank was the successful bidder. The subject property was susequently transferred to Defendant Federal National Mortgage Association ("Fannie Mae") via quit claim deed.

On April 5, 2012, in an attempt to overturn the foreclosure and forestall her eviction from the premises, Plaintiff Landis, initiated this action in Wayne County Circuit Court asserting claims of quiet title, unjust enrichment, breach of implied agreement, and violation of M.C.L. §600.3205c. Defendant Fannie Mae thereafter properly removed the case to this Court and subsequently filed the instant Motion for Dismissal/Summary Judgment on August 12, 2012.

As this Court has discussed at length in rulings issued in this and in other cases, *see, e.g.,* 2/8/2013 Opinion and Order at 2-3 (issued in this case); *Phelps v. Nations Star Mortgage LLC,* No. 12-12589, 11/9/2012 Show Cause Order at 2; *Nagy v. Federal National Mortgage Ass'n,* No. 12-14149, 11/9/2012 Show Cause Order at 2, the initial pleading filed in this case by Plaintiff's counsel, Emmett Greenwood, is a cut-and-paste, cookie cutter complaint that is word-for-word identical to the complaints Mr. Greenwood has filed in dozens of other cases since the beginning of 2012, none of which has survived dispositive motion practice.

On October 12, 2012, in accordance with a practice noted, and strongly disapproved of, by this Court in this and other cases, *see, e.g.,* 2/8/2013 Opinion and Order at 3-8; *Phelps,* No. 12-12589, 11/9/2012 Show Cause Order at 3-4; *Nagy,* No. 12-

14149, 11/9/2012 Show Cause Order at 3-4, Mr. Greenwood filed a response to Defendant's motion on his client's behalf that is once again word-for-word identical to response briefs Mr. Greenwood has filed in other cases, despite the fact that this canned brief has been uniformly unsuccessful in staving off the dismissal of his clients' complaints.

It should come as no surprise, therefore, that Plaintiff's cookie cutter response brief -- aptly described by another court in this District as an "empty exercise," *Jewell v. Federal National Mortgage Ass'n,* No. 12-10979, 11/30/2012 Order at 5 (Cleland, J.) -- fares no better here than in the many other cases in this District where Mr. Greenwood had made this identical submission.

There is no need for this Court to recite at any length the grounds for granting Defendant's motion, because they have been thoroughly and ably stated in prior suits decided against materially indistinguishable backdrops. First, Plaintiff's claim of quiet title is subject to dismissal because it is undisputed that the six-month statutory redemption period with respect to the property at issue expired in May of 2012 and, as consequence, absent a demonstration of fraud or irregularity in the foreclosure proceedings, Plaintiff no longer may assert any rights in or title to the property. *See Rabbah v. Federal Home Loan Mortgage Corp.,* No. 12-14599, 2013 WL 153729, at *3-*4 (E.D. Mich. Jan. 15, 2013) (Cox, J.); *Saroki v. Bank of New York Mellon,* No. 12-13961, 2012 WL 5379169, at *3-*4 (E.D. Mich. Oct. 31, 2012) (Duggan, J.). Mr.

3

Greenwood's canned complaint has uniformly been found to lack any allegations which, if proven, would support the requisite finding of fraud or irregularity. *Saroki,* 2012 WL 5379169, at *4; *see also Rabbah,* 2013 WL 153729, at *4.

Plaintiff's claim of unjust enrichment is similarly subject to dismissal because this implied contract theory of recovery is unavailable where, as here, there is an express contract governing the parties' relationship. *See Rabbah,* 2013 WL 153729, at *4; *Saroki,* 2012 WL 5379169, at *4-*5; *Behnam v. Green Tree Servicing LLC,* No. 12-12303, 8/14/2012 Opinion and Order at 3-4 (Rosen, C.J.). Plaintiff's claim of a breach of an implied agreement also must be dismissed, in the absence of any allegations that would evidence the parties' shared intention to enter into an agreement to modify Plaintiff's loan. *See Rabbah,* 2013 WL 153729, at *5; *Saroki,* 2012 WL 5379169, at *5. In the alternative, this claim is subject to dismissal under Michigan's statute of frauds, for lack of any allegation of a signed writing evidencing Defendant's purported promise to modify Plaintiff's loan. *See Rabbah,* 2013 WL 153729, at *5; *Behnam,* No. 12-12303, 8/14/2012 Op. at 4-5.

Finally, Plaintiff's claim of a violation of M.C.L. § 600.3205c also must be dismissed. Plaintiff's bare recitation of the requirements of this Michigan statute, followed by the conclusory allegation that Defendant failed to adhere to the statute by failing to modify Plaintiff's mortgage, has been repeatedly deemed insufficient to state a viable claim. *See Rabbah,* 2013 WL 153729, at *5; *Saroki,* 2012 WL 5379169, at *6.

Moreover, as this Court has previously observed, the statute "does not demand . . . that a lender modify a mortgage," *Behnam,* No. 12-12303, 8/14/2012 Op. at 5, but merely requires that the lender undertake an inquiry whether a borrower qualifies for a loan modification upon the borrower's request for such a modification and submission of the appropriate documentation. Plaintiff has failed to plead that she pursued the appropriate steps under the statute to trigger Defendant's obligation to consider her eligibility for a loan modification, and the exhibits accompanying Defendant's motion reveal that she did not.

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Defendant's August 21, 2012 Motion for Dismissal/Summary Judgment **[Dkt. # 8]** is GRANTED.

IT IS FURTHER ORDERED, in accordance with the Court's February 8, 2013 Opinion and Order in this case, [Dkt. # 16], that Plaintiff's counsel, Emmett Greenwood, shall immediately refund to his client, Jodie L. Landis, any monies paid by Ms. Landis to Mr. Greenwood in connection with Mr. Greenwood's representation of Ms. Landis in this case.

IT IS FURTHER ORDERED that within ***fourteen (14) days*** of the date of this order, Mr. Greenwood shall file with the Court a statement attesting that he has complied with the Court's directive by refunding the full amount he has received from Ms. Landis in connection with this case. Failure to promptly pay this refund or to timely file the required statement of compliance will result in the imposition of additional sanctions and

the initiation of contempt proceedings against Mr. Greenwood.

    SO ORDERED.

                                        s/Gerald E. Rosen  
                                        Chief Judge, United States District Court

Dated:  March 28, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 28, 2013, by electronic and/or ordinary mail.

                                        s/Julie Owens  
                                        Case Manager, (313) 234-5135